1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  In re:                          No. 2:06cv1307-MCE

12  MONIQUE D. MEZA,

13          Debtor
    _____/
14
    SARA L. KISTLER,                Bk. No. 06-20291-C-7
15  ACTING UNITED STATES
    TRUSTEE, REGION 17,
16
            Appellant,
17
        v.                          <u>MEMORANDUM AND ORDER</u>
18
    MONIQUE D. MEZA,
19
            Appellee.
20  _____/

21

22      The United States Trustee ("Trustee")[1] appeals the

23  bankruptcy court's denial of its Motion to Dismiss Debtor Monique

24  Meza's ("Meza") bankruptcy petition pursuant to 11 U.S.C.

25  § 109(h) (hereinafter § 109(h)).

26  _____

27      [1] United States Trustees are officials of The Department of
    Justice, appointed by the Attorney General to supervise the
28  administration of bankruptcy cases.  <i>See</i> 28 U.S.C. §§ 561-589.

1

1      Specifically, Trustee moved to dismiss due to Meza's failure

2  to obtain pre-petition credit counseling and properly file a

3  certificate regarding the same, as required by § 109(h).  The

4  bankruptcy court declared Trustee's Motion untimely in light of

5  the prior meeting of creditors and specific circumstances

6  surrounding Meza's petition.  For the reasons set forth below,

7  the bankruptcy court's decision is affirmed.[2]

8

9                                    **BACKGROUND**

10

11      Meza contracted with Debt Free Credit Counseling Service

12  ("Debt Free"), a consumer debt consolidation service, in November

13  of 2004.  Meza made approximately one year's worth of payments to

14  her creditors under Debt Free's plan.  Meza terminated the

15  program around January of 2006, resulting in a confirmation

16  letter from Debt Free dated February 2, 2006.  Meanwhile, on

17  October 17, 2005, the Bankruptcy Abuse Protection and Consumer

18  Protection Act of 2005 ("BAPCPA"),  Pub. L. No. 109-8, 119 Stat.

19  23 (2005) was enacted.  BAPCPA contains provisions which provide

20  that an individual is not eligible to apply for bankruptcy

21  protection unless he or she has obtained credit counseling from

22  an approved provider no more than 180 days prior to filing the

23  bankruptcy petition.  11 U.S.C. § 109(h).

24  ///

25  ///

26

27      [2] Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

1    Meza filed a petition for bankruptcy under 11 U.S.C. Chapter
2    7 on February 9, 2006, less than four months after the new BAPCPA
3    credit counseling provisions went into effect.  Meza filed
4    documents required by 11 U.S.C. § 521(a), but failed to include a
5    certificate of debt counseling as required by § 521(b).  However,
6    Meza indicated that she had obtained such counseling on page 2 of
7    Form B1.  Excerpts of Record Of Appellant ("EOR") A6.

8    The bankruptcy court clerk issued a notice of incomplete
9    filing on February 9, 2006.  The notice indicated that the
10   missing Certificate of Credit Counseling was to be received by
11   February 24, 2006.

12   The clerk noticed all scheduled creditors of the March 10,
13   2006 meeting of the creditors on February 10, 2006.

14   Meza applied to extend the deadline to submit her
15   certificate of credit counseling on February 28, 2006.  The
16   bankruptcy court granted the extension notwithstanding the four-
17   day gap between the expiration of the period set by the clerk and
18   the date of the application.

19   Meza filed the missing certificate on March 7, 2006.  Meza
20   certified that she was in compliance with § 109(h) because she
21   had received debt counseling prior to the enactment of BAPCPA,
22   thereby qualifying under a waiver provided by 11 U.S.C.
23   § 109(h)(3)(A).  Three days later, the creditor meeting was
24   completed.
25   ///
26   ///
27   ///
28   ///

3

1   Trustee filed the Motion to Dismiss pursuant to § 109(h) on
2   March 17, 2006.  The bankruptcy court denied the Motion, holding
3   it untimely in light of the circumstances, including a finding
4   that Meza had substantially complied with § 109(h) requirements.
5   Trustee now appeals this denial.

6

7                              **STANDARD**

8

9   An appellant may petition the district court for review of a
10  bankruptcy court's decision.  Fed. R. Bankr. P. 8013.  The
11  applicable standard of review is identical to that employed by
12  circuit courts of appeal in reviewing district court decisions.
13  *See* Heritage Ford v. Baroff (In re Baroff), 105 F.3d 439, 441
14  (9th Cir. 1997).  Legal conclusions are renewed on a de novo
15  basis, and factual determinations are assessed pursuant to a
16  "clearly erroneous" standard.  Murray v. Bammer (In re Bammer),
17  131 F.3d 788, 792 (9th Cir. 1997) (en banc).
18  Findings of fact are "clearly erroneous" only if the
19  reviewer of fact is "left with the definite and firm conviction
20  that a mistake has been committed."  In re Marquam Inv. Corp.,
21  942 F.2d 1462, 1466 (9th Cir. 1991) (quoting United States v.
22  United States Gypsum Co., 333 U.S. 364, 395 (1948)).  The
23  appellant has the burden of proof in convincing the reviewing
24  court that such error has been committed, and the reviewing court
25  should not reverse simply because another decision could have
26  been reached.  In re Windsor Indus., Inc., 459 F. Supp. 270, 275
27  (N.D. Tex. 1978).
28  ///

                                   4

**ANALYSIS**

**1.  Meza's Eligibility to File for Bankruptcy**

In the Motion to Dismiss, Trustee argued that Meza was ineligible to petition for bankruptcy because she did not satisfy eligibility requirements set out in § 109(h).  Trustee viewed the requirements as a jurisdictional barrier to a bankruptcy court hearing a petition.  The bankruptcy court disagreed, instead construing § 109(h) as an element of a federal claim.

The bankruptcy court compared the instant case to <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500 (2006), in which the Supreme Court examined the nature of claims brought under Title VII.  There, the Supreme Court found the 15-employee threshold to be an ingredient of a claim for relief, rather than a jurisdictional element.  This Court agrees that the <u>Arbaugh</u> holding can properly be analogized to the initial question confronted by the bankruptcy court herein: namely, whether or not compliance with § 109(h) constitutes a jurisdictional prerequisite or instead simply amounts to a factual element that must be satisfied in order to assert a cognizable claim in bankruptcy.

Examining the eligibility requirements of § 109(h), the bankruptcy court explicitly found that it did "not relate to subject-matter jurisdiction, period."  EOR A137-38.  Given the non-jurisdictional nature of the eligibility requirements, the bankruptcy court properly found that any opposition to a bankruptcy petition on § 109(h) grounds would be waived unless raised in a timely manner.

The bankruptcy court proceeded to address the timeliness of the Trustee's Motion to Dismiss under the particular circumstances of this case.  Those findings will be discussed below.

## 2.   Findings of the Bankruptcy Court

The bankruptcy judge made a mixed finding of law and fact in denying Trustee's Motion to Dismiss.  The court declared Trustee's Motion to be untimely in part because it was filed subsequent to the meeting of creditors, and in part due to Meza's substantial compliance with § 109(h).  While the finding of law that a motion to dismiss filed subsequent to a meeting of creditors is unsupported, the findings of fact of substantial compliance are not clearly erroneous, and must be upheld.

### A.   Findings of Law

Nothing in the Federal Rules of Bankruptcy Procedure or Title 11 of the United States Code specifies timeliness requirements for a motion to dismiss for failure to satisfy § 109(h).  The picture becomes even more clouded in the instant case, where Meza obtained credit counseling services prior to enforcement of the BAPCPA provision mandating counseling within 180 days of filing her petition in bankruptcy.

///

///

///

11 U.S.C. § 707 provides some assistance in determining the ability of the court to dismiss Chapter 7 petitions. Courts may on their own motion dismiss for cause petitions that are accompanied by unreasonable delay by the debtor or lack the appropriate filing fee. 11 U.S.C. § 707(a). On a motion by the United States Trustee, the court may dismiss petitions that lack documents required by 11 U.S.C. § 521(a). 11 U.S.C. § 707(a)(3). Significantly, no time limits are placed upon such motions to dismiss.

The court may also dismiss a petition for substantial abuse under 11 U.S.C. § 707(b) on motion by the court or the United States Trustee.  Such a motion must be filed within 60 days after the first date set for the meeting of creditors.  Fed. R. Bankr. P. 1017(e).

These allowances for filing motions to dismiss would seem to allay the concerns of the bankruptcy court regarding deleterious effects on creditors and debtors of a petition's dismissal. Specifically, the court postulated that dismissals might disadvantage creditors who abide by the automatic stay afforded by 11 U.S.C. § 362.  EOR A140.  A dismissal would result in a race to a debtor's assets, potentially harming creditors who refrained from pursuing the debtor's estate in reliance on § 362.  Given the statutory allowance for dismissals after a creditors' meeting, however, a finding of untimeliness for a motion filed a week after the meeting of creditors is unwarranted.  That finding is nonetheless not dispositive of the Court's inquiry herein, since the bankruptcy court's ultimate decision rested on factual findings above and beyond the timing of the Trustee's actual Motion to Dismiss itself.

7

## B.  Findings of Fact

The bankruptcy court found Meza's petition to substantially comply with the eligibility requirements of § 109(h).  While the counseling was provided by an un-approved service and was received more than 180 days prior to filing, the court found Meza eligible to file for bankruptcy.

Meza initiated credit counseling in November of 2004, roughly five months prior to enactment of BAPCPA.  At that time, there was no requirement for the petitioner to obtain pre-petition counseling from an approved provider within 180 days prior to filing for bankruptcy.  While Meza's actual petition was filed after enforcement of BAPCPA, the counseling resulted in the type of debt repayment contemplated by Congress in writing the statute.  EOR A134.  The court construed Meza's debt repayments, which continued until November of 2005, as "briefings" within the meaning of § 109(h).  Id.  In light of the exceptional circumstances regarding Meza's actions and the intervening enactment of BAPCPA, the court found the "constellation of facts" to weigh in favor of a finding that Meza substantially complied with § 109(h).[3]  EOR A147.

The bankruptcy court additionally found Meza's petition satisfactory in general.  The court declared payment of the filing fee and completion of post-petition counseling to weigh

---

[3] Both Trustee and Debtor raise the issue of Debtor's qualification for a waiver of the eligibility requirements as provided by 11 U.S.C. § 109(h)(3)(A).  The bankruptcy court's declaration of substantial compliance with § 109(h) renders such waiver analysis unnecessary.

1  heavily in comparison with pre-petition credit counseling.

2  The court thought debtors were "...in a much better position to

3  benefit from the [post-petition] training," due to completion of

4  creditor schedules filed with their petition.  EOR A150.  This

5  determination, coupled with Meza's substantial compliance with

6  § 109(h), led the court to the conclusion that requiring Meza to

7  undergo a second course of counseling before filing for

8  bankruptcy is unnecessary.

9      This Court cannot determine, as it must to warrant reversal

10  on appeal, that the bankruptcy court's finding of substantial

11  compliance with eligibility requirements constituted clear error.

12  The record supports the bankruptcy court's conclusion that Meza's

13  conduct was sufficient to satisfy § 109(h) eligibility

14  requirements and petition for voluntary Chapter 7 bankruptcy.

**CONCLUSION**

18      Based on all the foregoing, the decision of the bankruptcy

19  court is hereby AFFIRMED.

Dated: June 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE